IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 22-0045 JB

ROBERT CHAVARILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the Defendant's Objection to the Presentence Report and Sentencing Memorandum, filed April 18, 2023 (Doc. 58)("Objection"). In his Objection, Defendant Robert Chavarillo objects to the Presentence Investigation Report, filed April 5, 2023 (Doc. 54)("PSR"). See Objection at 1-3. The primary issue is whether the record establishes facts to prove by a preponderance of the evidence that Chavarillo knowingly caused another person to engage in a sexual act through means of force or threat, or by rendering another person unconscious, such that § 2A3.4(a)(1) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") establishes properly a base offense level of 20. The Court concludes that the record does not establish sufficient facts to prove by a preponderance of the evidence that § 2A3.4(a)(1) establishes the appropriate base offense level. The Court concludes instead that the appropriate Guideline provision is § 2A3.4(a)(2), which establishes a base offense level of 16. The PSR applies a 2- and a 1- level reduction for acceptance of responsibility, resulting in a total offense level of 13. An offense level of 13 and a criminal history category of II establish a Guideline imprisonment range of 24 to 30 months.

**FACTUAL AND PROCEDURAL BACKGROUND**

When considering an objection to a PSR, and when neither party challenges the sufficiency of the presentence report's factual allegations, the Court can accept the PSR's factual allegations as true.[1] See Fed. R. Crim. P. 32(i)(3). On July 1, 2020, Jane Doe visited Chavarillo's residence to speak with her aunt, A.W. See PSR ¶ 16, at 6. Chavarillo's residence was on the Pueblo of San Felipe, which is in New Mexico and near Bernalillo, New Mexico. See Plea Agreement ¶ 9, at 4. While there, Doe began drinking with Chavarillo and A.W. See PSR ¶ 16, at 6. While drinking, Doe blacked out and, when she awoke, Chavarillo was on top of her.[2] See PSR ¶ 16, at 6. While Doe was sleeping, Chavarillo touched Doe's genitalia without her permission and in a sexual manner. See Plea Agreement ¶ 9, at 4. He knew that he did not have her permission to engage in sexual conduct. See Plea Agreement ¶ 9, at 4. Doe called the police two days later. See PSR ¶ 16, at 6.

The United States Attorney filed an Information, filed December 12, 2022 (Doc. 40), charging Chavarillo for violating 18 U.S.C. §§ 1153, 2244(a)(2), and 2246(3), abusive sexual contact in Indian Country.[3] See Information at 1. The Information charges:

---

[1]Chavarillo objects to the PSR's characterization that he rendered the victim, Jane Doe, unconscious, or that he engaged in sexual conduct with her by means of threat or force. See Objection at 2. He does not object to the sufficiency of the PSR's remaining factual allegations and admits to several allegations in his Plea Agreement. See Plea Agreement ¶ 9, at 4, filed December 12, 2022 (Doc. 43).

[2]The PSR states that A.W. reported that "she believed Chavarillo may have drugged Jane Doe. A.W. mentioned she saw Jane Doe laying on the floor and had urinated on herself," and that Doe reported the morning after the incident that she felt "weird" and "not herself." PSR ¶¶ 16-17, at 6-7. For reasons discussed below, the Court concludes that Plaintiff United States of America has not proven by a preponderance of the evidence that Chavarillo drugged Doe and does not make that finding above.

[3]Section 1153 confers federal jurisdiction for certain crimes committed in Indian country.

>       On or about July 1, 2020, in Indian Country, in Sandoval County, in the District of New Mexico, the defendant, **ROBERT CHAVARILLO**, an Indian, unlawfully and knowingly engaged in and caused sexual contact with Jane Doe, and Jane Doe was physically incapable of declining participation, or communicating unwillingness to engage in sexual contact, and the sexual contact consisted of defendant intentionally touching Jane Doe's genitalia directly, with the intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of any person.

Information at 1 (bold and capitalization in original). That same day, Chavarillo pled guilty, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to the Information and the charged violations of §§ 1153, 2244(a)(2), and 2246(3). See Plea Agreement ¶ 8, at 3; Fed. R. Crim. P. 11(c)(1)(C). Specifically, Chavarillo pled to the following elements:

*First*:     The defendant knowingly engaged in or caused sexual contact with the victim by directly touching her genitalia;

*Second*:    The circumstances of the sexual contact would violate 18 U.S.C. § 2243 had the sexual contact been a sexual act;

*Third*:     This incident occurred in Indian Country, as federally defined;

*Fourth*:    Defendant is an Indian, as federally defined.

Plea Agreement ¶ 8, at 3-4 (italics in original). In the Plea Agreement, Chavarillo admits to the following facts:

---

See 18 U.S.C. § 1153. Section 2244(a)(2) punishes individuals who "knowingly engage[] in or cause[] sexual contact with or by another person, if so to do would violate . . . section 2242 of this title had the sexual contact been a sexual act . . . ." 18 U.S.C. § 2244(a)(2). Section 2242 punishes individuals who: (i) cause another person to engage in a sexual acts by threatening or by placing the other person in fear, see 18 U.S.C. § 2242(1); (ii) engage in a sexual act with another person who is "incapable of appraising the nature of the conduct," or is "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act," 18 U.S.C. § 2242(2); or (iii) engage in a sexual act with another person without consent or by coercion, see 18 U.S.C. § 2242(3). Finally, § 2246(3) defines "sexual contact" to mean "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

> **On July 1, 2020, I touched Jane Doe in a sexual manner. I touched her genitalia without her permission. Jane Doe is an adult, and was sleeping and severely intoxicated at the time I touched her. We had both been drinking together. I knew at the time I did not have her permission to engage in sexual conduct. This occurred on the Pueblo of San Felipe, and I am a member of the Pueblo of San Felipe.**

Plea Agreement ¶ 9, at 4 (bold and underline in original). The Plea Agreement establishes that the parties have agreed "that the time the Defendant has served in custody up to the date of his change in plea will constitute the custodial portion of the sentence in this case." Plea Agreement ¶ 11(a), at 5.

The United States Probation Office ("USPO") filed the PSR on April 5, 2023.[4] See PSR at 1-23. The PSR lists Chavarillo's offense to be a violation of §§ 1153, 2244(a)(2), and 2246(3). See PSR at 1. In calculating the Guideline base offense level, the PSR states that "[t]he guideline for a violation of 18 U.S.C. § 2244(a)(2) and 18 U.S.C. § 2246(3) is USSG § 2A3.4. The base offense level is 20. USSG § 2A3.4(a)(1)." PSR ¶ 23, at 7. The PSR does not apply any enhancements or reductions for special offense characteristics, victim related adjustments, adjustments for Chavarillo's role in the offense, or adjustments for obstruction of justice.[5] See PSR ¶¶ 24-27, at 8. The PSR applies a 2-level reduction for acceptance of responsibility and another 1-level reduction for Chavarillo's timely notifying authorities of his intention to plea

---

[4]The USPO previously filed two other PSRs in this case. See Presentence Investigation Report, filed February 21, 2023 (Doc. 48); Presentence Investigation Report, filed February 24, 2023 (Doc. 50)("Second PSR"). Chavarillo objects specifically to the third PSR, to which the Court refers here for this Memorandum Opinion and Order's purposes. See Objection at 2.

[5]The PSR states in its summary of the offense conduct that "Jane Doe was asleep and intoxicated at the time the instant offense was committed; therefore, the enhancement USSG § 3A1.1(b)(1): If the defendant knew of should have known that a victim of the offense was a vulnerable victim, is applicable." PSR ¶ 18, at 7. The PSR does not include, however, this enhancement in its calculation of the applicable Guideline range. See PSR ¶¶ 23-32, at 7-8.

guilty.  See PSR ¶¶ 30-31, at 8.  Accordingly, the PSR computes a total offense level of 17.  See PSR ¶ 32, at 8.  After reviewing Chavarillo's criminal history, the PSR calculates a criminal history score of 3, which establishes a criminal history category of II.  See PSR ¶¶ 41-42, at 11.  Given a total offense level of 17 and a criminal history category of II, the PSR calculates a Guideline imprisonment range of 27 to 33 months.  See PSR ¶ 90, at 19.

Chavarillo filed his Objection on April 18, 2023.  See Objection at 1-6.  Chavarillo first notes that the PSR calculates the applicable offense level based on U.S.S.G. § 2A3.4(a)(1).  See Objection at 2.  Chavarillo notes additionally that U.S.S.G. § 2A3.4(a)(1) establishes a base offense level of 20 for conduct which 18 U.S.C. § 2241(a) or (b) describes -- aggravated sexual abuse -- and argues that this case's facts do not fit this Guideline provision.  See Objection at 2.  Chavarillo states that an individual is guilty of aggravated sexual abuse "if he knowingly causes another person to engage in a sexual act through means of force or threat, or by rendering another person unconscious."  Objection at 2 (citing PSR ¶ 90, at 19).  Chavarillo notes that he pled guilty to violating §§ 2244(a)(2) and 2246(3) for abusive sexual contact, which involves "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  Objection at 2 (citing 18 U.S.C. § 2246(3)).  He asserts that the Indictment, Chavarillo's admission of facts in the Plea Agreement, and the investigative reports disclosed during discovery, do not contain "support for the court to find by a preponderance of the evidence that Mr. Chavarillo rendered Jane Doe unconscious, or engaged in a sexual act with Jane Doe  by means of threat or force."  Objection at 2.

Chavarillo acknowledges that the PSR incorporates A.W.'s statement that she believed Chavarillo drugged Doe.  See Objection at 3.  He notes, however, that "both A.W.'s and Jane

Doe's accounts of the evening of the incident are consistent in that they reported all three individuals, A.W., Jane Doe, and Mr. Chavarillo were voluntarily drinking alcohol." Objection at 3. Chavarillo argues that there is no evidence which establishes that Doe not feeling herself or urinating were the result of "anything other than Jane Doe's heavy, but voluntary, intoxication." Objection at 3. Accordingly, Chavarillo asserts that "[t]here simply is no support for the accusation that Mr. Chavarillo rendered Jane Doe unconscious by drugging her, and there certainly is not evidence to support a finding Mr. Chavarillo forced Jane Doe to drink alcohol." Objection at 3. Accordingly, Chavarillo asserts that the appropriate Guideline calculation results from § 2A3.4(a)(2), which cross-references § 2242 and establishes a base offense level of 16. See Objection at 3. He states that he "agrees with the guideline calculation set forth in the second PSR and asks the court to find the correct advisory guideline sentencing range in this case is 21-27 months."[6] Objection at 3 (citing Second PSR ¶ 90, at 19).[7]

---

[6]The Second PSR calculates its total offense level by establishing a base offense level of 16 under § 2A3.4(a)(2). See Second PSR ¶ 23, at 7. The Second PSR then applies a 2-level vulnerable-victim enhancement under § 3A1.1(b)(1), which the PSR does not include in its total offense level calculation. Compare Second PSR ¶ 25, at 8, with PSR ¶ 25, at 8. The Second PSR also includes the same 2-level and 1-level reductions for Chavarillo's acceptance of responsibility that the PSR includes. Compare Second PSR ¶¶ 30-31, at 8, with PSR ¶ 30-31, at 8. Accordingly, the Second PSR establishes a total offense level of 15, a criminal history category of II, and a Guideline imprisonment range of 21-27 months. See Second PSR ¶ 90, at 19.

[7]The remainder of Chavarillo's Objection is a sentencing memorandum for the Court's consideration and does not object to the PSR. See Objection at 3-6. Additionally, the United States filed the United States' Sentencing Memorandum on April 18, 2023 (Doc. 59)("U.S. Memo."). The U.S. Memo. asserts that "[t]he parties did not file any formal objections to the PSR." U.S. Memo. at 1. Aside from reciting the PSR's Guideline calculation, the U.S. Memo., like the remainder of Chavarillo's Objection, provides additional arguments for the Court to consider at sentencing, and does not object to or argue in support of the PSR. See U.S. Memo. at 1-4. Accordingly, for this Memorandum Opinion and Order's purposes, the Court does not address the United States' or Chavarillo's sentencing arguments.

## ANALYSIS

The Court concludes that § 2A3.4(a)(2) and not § 2A3.4(a)(1) is the appropriate Guideline provision to establish Chavarillo's base offense level. Section 2A3.4(a)(1) establishes a base offense level of 20 "if the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." U.S.S.G. § 2A3.4(a)(1). Section 2241(a) and (b), in turn, state:

> **(a)** **By Force or Threat. --** Whoever . . . knowingly causes another person to engage in a sexual act --
>
> > **(1)** by using force against that other person; or
> >
> > **(2)** by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
>
> or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.
>
> **(b)** **By Other Means. --** Whoever . . . knowingly --
>
> > **(1)** renders another person unconscious and thereby engages in a sexual act with that other person; or
> >
> > **(2)** administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby --
> >
> > > **(A)** substantially impairs the ability of that other person to appraise or control conduct; and
> > >
> > > **(B)** engages in a sexual act with that other person;
> >
> > or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241(a)-(b). Accordingly, to rely on § 2A3.4(a)(1) to establish Chavarillo's base offense level, the United States must prove by a preponderance of the evidence that Chavarillo: (i) used force against Doe; (ii) Chavarillo threatened Doe or placed her in fear of death, serious

bodily injury, or kidnapping; (iii) rendered Doe unconscious; or (iv) administered a drug or intoxicant to Doe without her knowledge before engaging in a sexual act with her. See 18 U.S.C. § 2241(a)-(b). The United States has not made this showing in the record, and Chavarillo has not pled to conduct which would implicate § 2241(a) or (b).

The PSR asserts that Doe "began drinking as Chavarillo was making mixed drinks." PSR ¶ 16, at 6. The PSR also asserts that she blacked out, "woke up the next morning still feeling intoxicated," and "described feeling sick and having a weird feeling, like she was not herself." PSR ¶ 16, at 6. Finally, the PSR asserts that "A.W. reported she believed Chavarillo may have drugged Jane Doe. A.W. mentioned she saw Jane Doe laying on the floor and had urinated on herself. A.W. provided Jane Doe with two sets of clothing because Jane Doe had urinated on herself twice in one day." PSR ¶ 17, at 7. Chavarillo admits in his Plea Agreement that he touched Doe in a sexual manner and without her permission, that she was sleeping and "severely intoxicated" when he touched her, and that they had been drinking together. Plea Agreement ¶ 9, at 4.

First, these facts do not support a conclusion that Chavarillo used force against or threatened Doe. Additionally, although these facts could imply that Chavarillo drugged Doe without her permission, the United States has not provided any evidence, such as a sworn statement from A.W., a toxicology report, or evidence that Chavarillo possessed medication or other substances -- besides alcohol -- to corroborate A.W.'s belief that Chavarillo "may have" drugged Doe. PSR ¶ 17, at 7. Insofar as § 2241(b)(2) covers covertly supplying someone with alcohol to substantially impair him or her, there is no evidence in the record to suggest that Doe did not know she was drinking alcohol. Instead, the PSR asserts that Chavarillo and A.W. asked Doe if she would like to drink with them, as Chavarillo was preparing mixed drinks, and that Doe began

drinking.  See PSR ¶ 16, at 6.  Finally, although Doe later blacked out, the record does not establish by a preponderance of the evidence that Chavarillo knowingly rendered Doe unconscious.  See 18 U.S.C. § 2241(b)(1).  The United States Court of Appeals for the Tenth Circuit notes that it "ordinarily define[s] 'knowing' conduct as conduct undertaken with an awareness that a particular result 'is practically certain.'"  United States v. Williams, 893 F.3d 696, 701 (10th Cir. 2018)(quoting United States v. Manatau, 647 F.3d 1048, 1050 (10th Cir. 2011)).  The record does not establish how many alcoholic drinks Doe consumed, or whether Chavarillo provided Doe with alcoholic drinks with the awareness that it was "practically certain" that Doe would black out and become unconscious.  United States v. Manatau, 647 F.3d at 1050.  Because the evidence that the PSR presents does not establish by a preponderance of the evidence that Chavarillo violated § 2241(a) or (b), the Court concludes that § 2A3.4(a)(1) is not the appropriate Guidelines provision to establish Chavarillo's base offense level.

The PSR instead should establish Chavarillo's base offense level using § 2A3.4(a)(2), which provides a base offense level of 16 "if the offense involved conduct described in 18 U.S.C. § 2242." U.S.S.G. § 2A3.4(a)(2).  Section 2242 states:

Whoever . . . knowingly --

**(1)** causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping);

**(2)** engages in a sexual act with another person if that other person is --

**(A)** incapable of appraising the nature of the conduct; or

**(B)** physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or

> **(3)** engages in a sexual act with another person without that other person's consent, to include doing so through coercion;
>
> or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2242 (bold in original). The statute to which Chavarillo pled, § 2244(a)(2), cross-references § 2242, but replaces "sexual act" with "sexual contact." 18 U.S.C. § 2244(a)(2) (punishing "[w]hoever . . . knowingly engages in . . . sexual contact with . . . another person, if so to do would violate . . . section 2242 of this title had the sexual contact been a sexual act").

As discussed above, the United States' and Chavarillo's factual statements do not support the conclusion that Chavarillo threatened Doe or placed her in fear. See 18 U.S.C. § 2242(1). Chavarillo has admitted to touching Doe's genitalia, however, without her permission while she was asleep and intoxicated. See Plea Agreement ¶ 9, at 4. While asleep and intoxicated, Doe would have been "incapable of appraising the nature of the conduct" and could not have been "physically []capable of declining participation in" the sexual contact. 18 U.S.C. § 2242(2). This admission corroborates Doe's recollection that she blacked out and, when she woke up, "Chavarillo was inside of her." PSR ¶ 16, at 6. The fact that she was drinking heavily is additional evidence that supports her incapacity. Accordingly, the Court concludes that the record establishes by a preponderance of the evidence that Chavarillo violated § 2244(a)(2).

Thus, the PSR states erroneously that "[t]he guideline for a violation of 18 U.S.C. § 2244(a)(2) and 18 U.S.C. § 2246(3) is USSG § 2A3.4. The base offense level is 20. USSG § 2A3.4(a)(1)." PSR ¶ 23, at 7. It is correct that the Guideline provision which establishes the base offense level for violations of § 2244 is § 2A3.4. See U.S.S.G. App'x A. Section 2A3.4(a)(1), however, establishes a base offense level of 20 for conduct described in § 2241(a) or (b), while the next subsection, § 2A3.4(a)(2), establishes a base offense level of 16 for conduct

described in § 2242. See U.S.S.G. § 2A3.4(a)(1)-(2). Similarly, § 2244(1) punishes sexual contact that meets the elements established in § 2241(a) and (b), while § 2244(2) punishes sexual contact that meets the elements established in § 2242. See 18 U.S.C. § 2244(a)(1)-(2). Chavarillo has pled to, and the evidence establishes a violation of, § 2244(a)(2), which cross-references § 2242, and not § 2241(a) and (b). Accordingly, the "offense involve[s] conduct described in 18 U.S.C. § 2242," and § 2A3.4(a)(2) and not § 2A3.4(a)(1) establish the correct base offense level of 16. U.S.S.G. § 2A3.4(a)(2).

Accordingly, Chavarillo's base offense level is 16. With a 2-level vulnerable-victim enhancement under § 3A1.1(b)(1),[8] a 2-level reduction for acceptance of responsibility under § 3E1.1(a), and a 1-level reduction for acceptance of responsibility under § 3E1.1(b), Chavarillo's total offense level is 15. An offense level of 15 and a criminal history category of II establish a Guideline imprisonment range of 21 to 27 months.

**IT IS ORDERED** that: (i) the Defendant's Objection to the Presentence Report and Sentencing Memorandum, filed April 18, 2023 (Doc. 58), is sustained; (ii) U.S.S.G. § 2A3.4(a)(2) establishes a base offense level of 16; (iii) the total offense level is 15; (iv) the applicable criminal history category is II; and (v) the applicable imprisonment range is 21 to 27 months.

---

[8]The PSR does not apply the §3A1.1(b)(1) enhancement. See PSR ¶ 25, at 8. Chavarillo, however, "agrees with the guideline calculation set forth in the second PSR," which applies the enhancement. Objection at 3. See Second PSR ¶ 25, at 8. Accordingly, the Court applies the § 3A1.1(b)(1) enhancement here. In response to the Court's Minute Order, filed April 19, 2023 (Doc. 61)(text-only), which requests confirmation that all parties are in agreement that § 3A1.1(b)(1)'s 2-level vulnerable-victim enhancement should apply, Chavarillo responds that he does not object to the Second PSR's application of the enhancement as long as the Court intends to accept the Plea Agreement. See Defendant's Response to the Court's Minute Order at 1, filed April 19, 2022 (Doc. 62)("Minute Response"). In the event that the Court rejects the Plea Agreement, Chavarillo preserves an objection to the enhancement's application, asserting that the enhancement does not serve a punitive purpose different and district from the base offense level, and that its application would constitute double counting. See Minute Response at 1-2.


_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alexander M. M. Uballez
  United States Attorney
Nicholas James Marshall
Caitlin L. Dillon
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Margaret Katze
  Federal Public Defender
Amanda R. Lavin
Hans Peter Erickson
  Assistant Public Defenders
Office of the Federal Defender
Albuquerque, New Mexico

  *Attorneys for the Defendant*