## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                     No. CR 22-0045 JB

ROBERT CHAVARILLO,

      Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's Response to the Court's Minute Order, filed April 19, 2022 (Doc. 62)("Minute Response").  In the Minute Response, Defendant Robert Chavarillo objects to the application of a 2-level enhancement to his base offense level under § 3A1.1(b) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Specifically, Chavarillo argues that § 3A1.1, which provides a 2-level enhancement when "the defendant knew or should have known that a victim of the offense was a vulnerable victim," U.S.S.G. § 3A1.1, is duplicative of the Guideline provision which establishes the base offense level for Chavarillo's underlying conviction under 18 U.S.C. § 2244(a)(2).  <u>See</u> Minute Response at 1-2.  The Court agrees with Chavarillo's analysis, and, accordingly, will sustain Chavarillo's objection in the Minute Response and will not apply the 2-level enhancement to Chavarillo's base offense level under § 3A1.1(b).

Chavarillo pled guilty to a violation of § 2244(a)(2), which cross-references conduct in § 2242.  <u>See</u> Plea Agreement at 3-4, filed December 12, 2022 (Doc. 43).  The conduct to which Chavarillo pled guilty implicates § 2242(2), which punishes "whoever . . . knowingly . . . engages in a sexual act with another person if that other person is -- (A) incapable of appraising the nature

of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act . . . ." 18 U.S.C. § 2242(2). See Memorandum Order and Opinion at 9-11, filed April 19, 2023 (Doc. 62)("MOO"). Accordingly, the Court determines in the MOO that U.S.S.G. § 2A3.4(a)(2) is the applicable Guideline provision. See MOO at 11.

Section § 3A1.1(b) provides a 2-level enhancement "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b). Application Note 2 to § 3A1.1 states:

> Do not apply subsection (b) if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age.

U.S.S.G. § 3A1.1 cmt. n.2. Section 2A3.4 establishes a base offense level of 16 for conduct described in § 2242. See U.S.S.G. § 2A3.4. Section 2242, in turn, punishes whomever knowingly engages in a sexual act when the victim is incapable of appraising the nature of the sexual contact or of declining participation in the sexual act. See 18 U.S.C. § 2242. The Presentence Investigation Report, filed April 5, 2023 (Doc. 54)("PSR"), concludes that the 2-level vulnerable-victim enhancement is applicable, because the victim, "Jane Doe[,] was asleep and intoxicated at the time the instant offense was committed." PSR ¶ 18, at 7. In other words, the PSR determines that § 3A1.1(b)(1) is applicable, because Doe was unconscious and intoxicated and, therefore, vulnerable. See PSR ¶ 18, at 7. Doe's unconsciousness and intoxication is the same incapacity that makes her "incapable of appraising the nature of the sexual contact." 18 U.S.C. § 2242(2). Accordingly, the Court determines that § 3A1.1(b)'s vulnerable-victim enhancement refers to the

same factor which § 2A3.4 incorporates in its reference to § 2242.  The Court will not apply, therefore, the 2-level enhancement to Chavarillo's base offense level under § 3A1.1(b).[1]

Accordingly, Chavarillo's base offense level is 16.  With a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and a 1-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Chavarillo's total offense level is 13.  An offense level of 13 and a criminal history category of II establish a Guideline imprisonment range of 15 to 21 months.

**IT IS ORDERED** that: (i) the objection in the Defendant's Response to the Court's Minute Order, filed April 19, 2022 (Doc. 62), is sustained; (ii) the Court will not apply a 2-level enhancement to Defendant Robert Chavarillo's base offense level under U.S.S.G. § 3A1.1(b); (iii) the total offense level is 13; (iv) the applicable criminal history category is II; and (v) the applicable imprisonment range under the United States Sentencing Guidelines is 15 to 21 months.

_____
UNITED STATES DISTRICT JUDGE

---

[1]At the April 20, 2023, sentencing hearing, Plaintiff United States of America and Chavarillo indicated that they agree with the Court's analysis and decision not to apply the vulnerable-victim enhancement.  See Draft Transcript of Hearing at 3:18-4:11 (Court, Lavin, Marshall).  The Court's citations to the transcript of the sentencing hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

*Counsel:*

Alexander M. M. Uballez
   United States Attorney
Nicholas James Marshall
Caitlin L. Dillon
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Margaret Katze
   Federal Public Defender
Amanda R. Lavin
Hans Peter Erickson
   Assistant Public Defenders
Office of the Federal Defender
Albuquerque, New Mexico

      *Attorneys for the Defendant*